UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JONAS ELLIS and DARYN KLINE, Individually and On Behalf of Others Similarly Situated <br><br> Plaintiffs, <br><br> vs. <br><br> TEXAS PRISONER TRANSPORTATION DIVISION, L.L.C. <br><br> Defendant. | Case No.: 1:15-cv-00857-SS |

**PLAINTIFFS' FIRST AMENDING AND
SUPPLEMENTAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Jonas Ellis and Daryn Kline, individually and on behalf of all Putative Collective Action Members, and on behalf of all opt-in plaintiffs, who hereby supplement and amend their original Complaint in order that, after amendment, it shall read as follows:

**INTRODUCTION**

1.  This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. (hereinafter referred to as "FLSA"), for failure to pay overtime wages and for minimum wage violations.

2.  Plaintiffs bring this action on behalf of themselves, individually, as well as other similarly situated current and former employees of Defendants, and will seek conditional certification and court approved notice to an opt in class pursuant to 29

U.S.C. §216(b) of similarly situated employees of Defendants who performed work for Defendants and who were paid a day rate without overtime at any time during the three year period preceding the date of filing this Complaint.

3. Defendants provide prisoner transportation services in Texas and throughout the United States.

4. Plaintiffs, and other similarly situated employees, were/are employed by Defendant as "Extradition Agents" who were/are assigned the duty of transporting prisoners by auto, van, or plane, and regularly work more than 40 hours per week.

5. Defendants paid these workers a flat amount for each day they work and a per diem, but did not pay overtime for hours worked over 40 in a work week.

6. Defendants' policy of paying these employees a day rate, with no overtime pay, violates the FLSA.

## JURISDICTION AND VENUE

7. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1331 as this claim is brought pursuant to the FLSA, 29 U.S.C. §201, et. seq.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as Defendants are domiciled in this district and a substantial part of the events or omissions giving rise to the claims sued upon herein occurred within this District.

## PARTIES

9. Plaintiffs, Jonas Ellis and Daryn Kline, both major individuals domiciled in Williamson County, Texas, are former employees of Defendants, each of whom were paid a day rate and a per diem. Neither were paid overtime for hours worked over 40 in a work week.

10. Ellis and Kline's written consents are attached to this Complaint as Exhibits "A" and "B," respectfully.

11. Texas Prisoner Transportation Division, L.L.C. is a Texas Limited Liability Company, domiciled at 108 E. Highway 79, Thrall, Texas 76578.

12. William Russell Brees is a major individual domiciled at 502 Bounds Street, Thrall, Texas 76578. At all relevant times, William Russell Brees was and is an owner, manager and Vice-President at Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services and, as such, is an "employer" under the FLSA.

13. Tephanie Gangl Brees is a major individual domiciled at 502 Bounds Street, Thrall, Texas 76578. At all relevant times, Tephanie Brees was and is a owner, manager and President/CEO at Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services and, as such, is an "employer" under the FLSA.

14. Texas Prisoner Transportation Services is, on information and belief, a Texas company domiciled at 108 E. Highway 79, Thrall, Texas 76578.

15. For purposes of this Complaint, Texas Prisoner Transportation Division, LLC, William Russell Brees, Tephanie Gangl Brees, and Texas Prisoner Transportation Services are collectively referred to as "Defendants."

## FACTS

16. According to its website, https://tptd.us, Defendants provide nationwide transportation of prisoners. Its website further declares that Defendant is ". . . the fastest growing prisoner transportation company in the United States. TPTD is actively recruiting Extradition Agents. TPTD is looking for qualified male and female agents with backgrounds in Criminal Justice, Law Enforcement, corrections, military or prisoner transportation. Extensive travel is involved . . ." Accordingly, Defendants employ a large workforce and perform work throughout the United States.

17. Plaintiff, Daryn Kline, worked for Defendants from December 8, 2014 to April 13, 2015. Kline began his employment as a Basic Agent earning a flat day rate of $100 per day. He was thereafter employed as a Senior Agent and earned $125.00 per day. He was then employed as a Corporal and earned $130.00 per day. In addition to his day rate, Kline received $60.00 per diem. Kline's job duties consisted of transporting prisoners.

18. Plaintiff, Jonas Ellis, worked for Defendants from August, 2014 to February, 2015. Ellis began his employment as a Basic Agent earning a flat day rate of $100 per day. He was thereafter employed as a Senior Agent and earned $125.00 per day.

He was then employed as a Corporal and earned $130.00 per day. In addition to his day rate, Ellis received $60.00 per diem. Ellis' job duties consisted of transporting prisoners.

19. Plaintiffs, and all other similarly situated employees, primarily transported prisoners by vehicle. These vehicles mainly consisted of automobiles and minivans. On occasion, Plaintiffs transported prisoners by commercial airline. Plaintiffs often worked in excess of 100 hours per week.

20. Plaintiffs performed these services throughout the United States.

## APPLICABILITY OF THE FLSA

21. Defendants have annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. §203(s)(1)(A)(ii).

22. Plaintiffs are "employees" of Defendants within the meaning of the FLSA and were engaged in interstate commerce as defined by 29 U.S.C. §206(a) and 207(a)(1).

23. Defendants are covered employers as defined by 29 U.S.C. §203(d).

24. Defendants have employed two or more persons, including Plaintiffs, and were "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that had been moved and/or produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A)(i).

25. Defendants' employees are subject to the provisions of the FLSA, 29 U.S.C. §206.

26. Plaintiffs allege that Defendants' uniform payroll practice violates the overtime and minimum wage provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring this collective action on behalf of themselves individually and on behalf of all similarly situated current and former employees of Defendants pursuant to 29 U.S.C. §216(b).

28. Defendants have employed or currently employ hundreds of employees who are paid a day rate and a per diem and are thus similarly situated to Plaintiffs as all such employees were subject to the same pay practice as Plaintiffs.

29. The employees hired by Defendants were, like Plaintiffs, denied overtime compensation and minimum wages required by the FLSA.

30. Defendants' unlawful payroll practices, policies and procedures are in willful disregard of the rights of Plaintiffs and all other similarly situated employees. Defendants have thus committed a knowing violation fo the FLSA, and are liable for liquidated damages.

31. Plaintiffs, and all other similarly situated employees, regularly worked in excess of 40 hours per week.

32. Plaintiffs, and all other similarly situated employees who were paid a day rate but no overtime are not exempt from the overtime provisions of the FLSA.

33. Defendants did not, and do not, pay their day rate workers overtime for

hours worked in excess of 40 hours in a work week.

34. Plaintiffs, and all similarly situated employees, are entitled to overtime for all hours worked over 40 hours in a work week calculated a one and a half times the exployees regular rate of pay, as required by Sections 7 and 15 of the FLSA.

35. Because Defendants uniformly failed to pay overtime to all day rate workers, Plaintiffs are similarly situated within the meaning of 29 U.S.C. §216(b) to all other day rate workers.

36. Additionally, Defendants failed to pay Plaintiffs and all its day rate workers the minimum wage rate required by Sections 6 and 15 of the FLSA for worked performed while employed by Defendants, for those work weeks where their hourly rate of pay was less than the required minimum rate of pay.

37. Plaintiffs seek to represent a collective action comprised of the following:

> All current and former employees of Texas Prisoner Transportation Division, L.L.C. and/or Texas Prisoner Transportation Services and/or William Russell Brees and/or Tephanie Gangl Brees, who were paid a day rate and who were not paid overtime and who were employed by Defendants within three (3) years of the date on which this Complaint was filed.

38. Plaintiffs request that the Class, as defined above, receive notice of this proceeding and be given the right to opt in and assert their claims herein.

## JOINT EMPLOYER ALLEGATIONS

39.  At all times pertinent hereto, specifically including the class period of three years before the date this Complaint was filed through the present, Defendant, William Russell Brees, was an owner, manager, executive officer and Vice-President of Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services.

40.  At all times pertinent hereto, specifically including the class period of three years before the date this Complaint was filed through the present, Defendant, Tephanie Gangl Brees, was an owner, manager, executive officer, and President/CEO of Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services.

41.  Both William Russell Brees and Tephanie Gangl Brees, at all pertinent times, exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiffs and the Putative Collective Action Members' work including, but not limited to, assigning work, hiring and firing of employees.

42.  Further, William Russell Brees and Tephanie Gangl Brees, are solely and jointly responsible for the administration of the business affairs of Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services, and exercise complete control over the work situation and conditions of its employees.

43.  William Russell Brees and Tephanie Gangl Brees are jointly and solely responsible for the payroll practices of Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services including, but not limited to, the payroll

practices complained of herein.

44.     William Russell Brees and Tephanie Gangl Brees were vested with authority to, and actually acted directly or indirectly for, and had operational control over Texas Prisoner Transportation Division, LLC and/or Texas Prisoner Transportation Services' business activities including managerial responsibilities for all aspects of operations and its employees.

45.     Accordingly, William Russell Brees and Tephanie Gangl Brees are "employers" under the FLSA and, as such, are jointly and severally liable for damages for their failure to comply with the FLSA including all damages claimed herein.

46.     On information and belief, Defendant, Texas Prisoner Transportation Services, is a successor entity to Texas Prisoner Transportation Division, LLC. According to its website, Texas Prisoner Transportation Division, LLC changed its name in February, 2016 from Texas Prisoner Transportation Division, LLC to Texas Transportation Division Systems.

47.     All of the current employees of Texas Prisoner Transportation Division, LLC continue to work for Texas Prisoner Transportation Services, which continues to operate in all respects identically to Texas Prisoner Transportation Division, LLC.

48.     As a successor entity, Texas Prisoner Transportation Services assumes all liability for Texas Prisoner Transportation Division, LLC and, as such, is a joint employer with Texas Prisoner Transportation Division, LLC as to Plaintiffs and all Putative

Collective Action Members who, on or before February, 2016 worked for Texas Prisoner Transportation Division, LLC and who now, or in the future, work for Texas Prisoner Transportation Services.

49.     As such, Defendant, Texas Prisoner Transportation Services, is liable, jointly and severally, with Texas Prisoner Transportation Division, LLC, William Brees and Tephanie Gangl Brees for all damages claimed herein.

## DEMAND FOR TRIAL BY JURY

Plaintiffs are entitled to and request trial by jury on all issues herein.

**WHEREFORE,** Plaintiffs demand and pray for relief as follows:

1) An Order designating this proceeding as a collective action and authorizing notice to all similarly situated employees pursuant to 29 U.S.C. §216(b) permitting them to joint this action by filing a written notice of consent;

2) Judgment in favor of Plaintiffs for all unpaid overtime compensation, minimum wages, liquidated damages, attorney fees, costs, and expenses under the FLSA;

3) Pre- and post-judgment interest as allowed by law; and

4) All such other and further relief to which Plaintiffs and the other FLSA class members may show themselves to be justly entitled.

Respectfully submitted:


By: /s/ Philip Bohrer
    Philip Bohrer
    State Bar No.: 00792194
    Fed. Id. No.: 0318
    Scott E. Brady
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, LA 70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000
    Email: phil@bohrerbrady.com
    Email: scott@bohrerbrady.com

        **and**

    FIBICH, LEEBRON, COPELAND,
     BRIGGS & JOSEPHSON
    Michael A. Josephson
    State Bar No.: 24014780
    mjosephson@fibichlaw.com
    Lindsay R. Itkin
    State Bar No.: 24068647
    litkin@fibichlaw.com
    Andrew W. Dunlap
    State Bar No.: 24078444
    adunlap@fibichlaw.com
    1150 Bissonet
    Houston, Texas 77005
    Telephone: (713) 751-0025
    Facsimile: (713) 751-0030

        **and**

BRUCKNER BURCH, P.L.L.C.
Richard J. (Rex) Burch
State Bar No.: 24001807
Rburch@brucknerburch.com
8 Greenway Plaza
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065